UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ALFREDO BONILLA,                                                    **AMENDED**
                                                                   **COMPLAINT**
                                        Plaintiff,
                                                                   20 CV 1704
             -against-                                             (RJD) (LB)

                                                                   <u>Jury Trial Demanded</u>
CITY OF NEW YORK, FRANCESCO ALLEVATO, Individually,
KENNETH DURKIN, Individually, LORNE KANOVER,
Individually, MICHAEL MUSKIN, Individually,
DANIEL MOLINSKI, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

          Plaintiff ALFREDO BONILLA, by his attorneys, Brett H. Klein, Esq., PLLC, complaining

of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

          1.        Plaintiff brings this action for compensatory damages, punitive damages, and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

## **JURISDICTION**

          2.        This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution.

          3.        Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff ALFREDO BONILLA is a fifty-year-old Hispanic American man residing in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants FRANCESCO ALLEVATO, KENNETH DURKIN, LORNE KANOVER, MICHAEL MUSKIN, and DANIEL MOLINSKI, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On April 18, 2017, in the afternoon, plaintiff ALFREDO BONILLA was seated in his lawfully parked motor vehicle on South 2nd Street, between Roebling Street and Driggs Avenue, Brooklyn, New York, when defendant NYPD Detectives LORNE KANOVER and MICHAEL MUSKIN, approached his vehicle.

13.     The defendants immediately, and without reasonable suspicion or probable cause, ordered plaintiff out of his vehicle and proceeded to search it.

14.     The defendant officers thereafter handcuffed and unlawfully arrested plaintiff for possession of his own lawfully possessed medication bottles, which were lawfully prescribed and dispensed to him, and bore his name.

15.     Plaintiff was imprisoned in a police vehicle driven by defendant DANIEL MOLINSKI, transported to the 90th Police Precinct, and then imprisoned therein.

16.     While imprisoned at the 90th Police Precinct, plaintiff was subjected to a humiliating and unlawful strip search.  During the search, defendant MOLINSKI compelled plaintiff to remove all his clothing and to bend over in his presence.

17.     The defendant officers continued to imprison plaintiff until his release at approximately 7:00 p.m. with a desk appearance ticket signed by defendant ALLEVATO, requiring his appearance in Kings County Criminal Court on June 8, 2017.

18.     Plaintiff appeared as required on June 8, 2017, but was informed that the prosecution was not ready to proceed.

3

19.     On January 18, 2018, the Kings County District Attorney's Office officially declined to prosecute plaintiff for the charges levied against him by defendant ALLEVATO.

20.     Defendant KENNETH DURKIN supervised defendants ALLEVATO, KANOVER, MUSKIN, and MOLINSKI and approved the unlawful arrest of plaintiff and approved of and authorized the unlawful strip search of plaintiff.

21.     Defendants ALLEVATO, DURKIN, KANOVER, MUSKIN, and MOLINSKI each either directly participated in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so.

22.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals for narcotics related offenses and subjecting them to unconstitutional strip searches.

23.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants falsify allegations to support unlawful narcotics arrests, and that they routinely effectuate strip searches without proper justification.

24.     For example, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City

4

Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

25.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Specifically, here, the Civilian Complaint Review Board issued a memorandum in May of 2004, alerting then Commission Raymond W. Kelly that there was a need for enhanced training with regard to strip search procedures and that individuals were being strip searched in violation of the NYPD's Patrol Guide procedures.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

26.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27.     All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

28.     All of the aforementioned acts deprived plaintiff ALFREDO BONILLA of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

5

attendant thereto.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31.     As a result of the foregoing, plaintiff ALFREDO BONILLA sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants arrested plaintiff ALFREDO BONILLA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

34.     Defendants caused plaintiff ALFREDO BONILLA to be falsely arrested and unlawfully imprisoned.

35.     As a result of the foregoing, plaintiff ALFREDO BONILLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendant MOLINSKI strip searched plaintiff ALFREDO BONILLA in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

38.     Defendants thereby caused plaintiff ALFREDO BONILLA to be deprived of his right to be free from unlawful strip searches.

39.     As a result of the foregoing, plaintiff ALFREDO BONILLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants had an affirmative duty to intervene on behalf of plaintiff ALFREDO BONILLA, whose constitutional rights were being violated in their presence by other officers.

42.     The defendants failed to intervene to prevent the unlawful conduct described herein.

43.     As a result of the foregoing, plaintiff ALFREDO BONILLA's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated, subjected to a strip search, and to physical restraints.

44.     As a result of the foregoing, plaintiff ALFREDO BONILLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendant DURKIN, a NYPD supervisor, personally participated in plaintiff's constitutional injury by his deliberate or conscious indifference to the rights of plaintiff in failing to properly supervise and train his subordinate employees, and by authorizing plaintiff's unlawful arrest and strip search.

47.     As a result of the foregoing, plaintiff ALFREDO BONILLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50.     The aforementioned customs, policies, usages, practices, procedures, and rules of the New York City Police Department included, but were not limited to, arresting citizens for narcotics violations based on fabricated allegations and subjecting said individuals to unlawful strip searches.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of

inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff ALFREDO BONILLA's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

51.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff ALFREDO BONILLA.

52.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ALFREDO BONILLA as alleged herein.

53.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ALFREDO BONILLA as alleged herein.

54.     As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ALFREDO BONILLA was unlawfully arrested and unlawfully strip searched.

55.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ALFREDO BONILLA's constitutional rights.

56.     All of the foregoing acts by defendants deprived plaintiff ALFREDO BONILLA of federally protected rights, including, but not limited to, the right to be free from false

9

arrest/unlawful imprisonment and unlawful strip search.

57.     As a result of the foregoing, plaintiff ALFREDO BONILLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ALFREDO BONILLA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
        September 28, 2020

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff ALFREDO BONILLA
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:     _Brett Klein_____
        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ALFREDO BONILLA,

                                        Plaintiff,

                                                                    20 CV 01704
              -against-                                             (RJD)(LB)

CITY OF NEW YORK, FRANCESCO ALLEVATO, Individually,
KENNETH DURKIN, Individually, LORNE KANOVER,
Individually, MICHAEL MUSKIN, Individually,
DANIEL MOLINSKI, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

## AMENDED COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132