UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
ALFREDO BONILLA,

               Plaintiff,

     - against -

CITY OF NEW YORK, FRANCESCO
ALLEVATO, Individually, and JOHN AND
JANE DOE 1 through 10, Individually, (the
Names John and Jane Doe being fictitious,
as the true names are presently unknown),

               Defendants.
-------------------------------------------------------- x

**MEMORANDUM & ORDER**

Case No. 20-cv-1704 (RJD) (LB)

DEARIE, District Judge

     Defendants City of New York, Detective Francesco Allevato, and John and Jane Doe 1 through 10 move to set aside Magistrate Judge Bloom's October 3, 2020 Order granting Plaintiff leave to file an amended complaint joining additional defendants. Defendants argue that such an amendment would be futile given the expiration of the applicable three-year statute of limitations, which, in their view, was not tolled pursuant to Governor Cuomo's Executive Order 202.8 temporarily tolling the time limits for the commencement of legal actions in light of the pandemic. For the following reasons, Defendants' arguments are unavailing and Magistrate Judge Bloom's decision was not clearly erroneous or contrary to law.

### FACTUAL BACKGROUND

     On March 20, 2020, Governor Cuomo issued Executive Order 202.8 declaring a state of emergency due to the COVID-19 pandemic and accordingly, among other things, tolling the time limits for filing legal actions as prescribed by the state's procedural laws. On April 6, 2020, Plaintiff filed this action under 42 U.S.C. § 1983, alleging that on April 18, 2017, he was falsely arrested, falsely imprisoned, and unlawfully strip-searched. ECF No. 1, Complaint ¶¶ 12-30. In

1

addition to the City of New York and Detective Allevato, Plaintiff named ten "Doe" defendants as Plaintiff claims their identities were unknown at the time. On May 12, 2020, Defendants requested a 90-day extension to answer the Complaint, citing the pandemic as a primary reason, see ECF No. 2, and the extension was granted, May 13, 2020 Docket Entry.

An initial conference was held on September 10, 2020, during which Plaintiff's desire to amend the complaint was discussed. The next day, Magistrate Judge Bloom issued an electronic order directing counsel for the City to ascertain the identities of the Doe defendants and produce them to Plaintiff by September 25, 2020. September 11, 2020 Docket Entry. Plaintiff was directed to serve Defendants with a proposed amended complaint by October 9, 2020. Id. Three days after Defendants produced the names of the Doe defendants to Plaintiff on September 25, 2020, Plaintiff requested leave to file an amended complaint on or before October 4, 2020: the day the Executive Order 202.8 toll was to expire.[1] ECF No. 13. Magistrate Judge Bloom granted the request and Plaintiff filed his amended complaint on October 4, 2020. ECF Nos. 15, 16.

Defendants argue Magistrate Judge Bloom erred in concluding that Executive Order 202.8 tolls the statute of limitations as to Plaintiff's Section 1983 claims because, in their view, the executive order only applies to state court actions and is not a state "tolling rule" applicable to Section 1983 claims under controlling Supreme Court precedent. Plaintiff argues Executive Order 202.8 is a "tolling rule" per controlling precedent and Defendants' argument as to Governor Cuomo's intent in enacting it is irrelevant.

---

[1] Per Executive Order 202.67, the toll was later extended through November 3, 2020. It has not since been further extended, with exceptions not relevant here. See Exec. Order 202.72.

2

## STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure and its enabling statute, the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), provide that a district court shall modify or set aside a magistrate's order on a non-dispositive matter only to the extent it is "clearly erroneous" or "contrary to law." The Second Circuit has characterized a motion to amend the complaint as an example of a non-dispositive motion. Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007). While some courts in this circuit have suggested that a motion for leave to amend may be dispositive when denied, Sokol Holdings, Inc. v. BMB Munai, Inc., No. 05-cv-3749 (KMW), 2009 WL 3467756, at *3-*4 (S.D.N.Y. Oct. 28, 2009) (collecting cases), no such conclusion is warranted when the motion is granted. See Louis v. Metro. Transit Auth., No. 12-cv-6333 (ILG), 2014 WL 5311455, at *1 (E.D.N.Y. Oct. 16, 2014) ("District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive.") (alteration in original) (quoting Tyree v. Zenk, No. 05-cv-2998 (KAM), 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009) (collecting cases)) (internal quotation marks omitted).

Under the "clearly erroneous" standard, a district court may reverse a magistrate's finding only if it is "left with the definite and firm conviction that a mistake has been committed." Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers, Ltd., 190 F.3d 64, 67-68 (2d Cir. 1999) (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985)) (internal quotation marks omitted). Similarly, under the "contrary to law" standard of review, a district court may reverse a magistrate's decision only if the magistrate "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." Catskill Dev., LLC v. Park Place Ent. Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

**DISCUSSION**

In granting leave to amend, Magistrate Judge Bloom properly applied Rule 15 of the Federal Rules of Civil Procedure and controlling precedent. Leave to amend should be "freely give[n] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), and may be denied "where such amendment would be futile." Faria v. Perez, No. 04-cv-2411 (RRM), 2008 WL 398433, at *2 (E.D.N.Y. Feb. 11, 2008); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (listing "futility of amendment" as a reason to deny leave to amend). "A motion to amend the complaint may be considered futile if the claims or parties sought to be added are barred by the relevant statute of limitations." Northbrook Nat. Ins. Co. v. J & R Vending Corp., 167 F.R.D. 643, 647 (E.D.N.Y. 1996) (citing Deluca v. Atl. Ref. Co., 176 F.2d 421 (2d Cir. 1949), cert. denied, 338 U.S. 943 (1950)).

In a Section 1983 action, a federal court in New York is to apply the three-year statute of limitations period applicable to state personal injury actions pursuant to C.P.L.R. § 214. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)). In addition, federal courts "apply the New York rule for tolling that statute of limitations." Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio, 446 U.S. 478, 483 (1980). However, the Court is not to apply the state tolling rule if it would "defeat the goals" of Section 1983. Abbas v. Dixon, 480 F.3d 636, 641 (2d Cir. 2007).

Defendants argue that Executive Order 202.8 is not a state "tolling rule" that impacts the statute of limitations applicable to Section 1983 claims. Def. Mem. at 7-8. Therefore, they claim, Plaintiff's amendment was untimely since the statute of limitations expired three years after the claim accrued: on April 18, 2020. Id. at 14. Magistrate Judge Bloom's rejection of this argument was neither clearly erroneous nor contrary to law. As a threshold matter, Executive Order 202.8

does not "defeat the goals" of Section 1983. See Abbas, 636 F.3d at 641. Rather, it advances the goals of "deterrence and compensation" by permitting Plaintiff ample time to pursue his claims during a global pandemic. See ECF No. 15 at 4.

The Second Circuit has concluded that "[b]ecause the Supreme Court wanted section 1983 actions to be subject to state 'tolling rules,' it seems likely that both statutory and common law rules are to be borrowed." Pearl, 296 F.3d at 81. Executive Order 202.8 tolls "any specific time limit for the commencement, filing, or service of any legal action . . . as prescribed by the procedural laws of the state." There is no question that the state's "procedural laws" governing tolling are "tolling rules" that should be "borrowed." Pearl, 296 F.3d at 81. As such, Magistrate Judge Bloom's decision to "rely[] on the State's wisdom in setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim," see Tomanio, 446 U.S. at 486, in applying the executive order to Plaintiff's Section 1983 claims is not clearly erroneous or contrary to law.

While it appears a higher court has not addressed whether a state executive order constitutes such a tolling rule, a court in the Southern District of New York recently considered whether the toll pursuant to Executive Order 202.8 should be "borrowed" in the context of the False Claims Act, which, like Section 1983, does not provide a federal statute of limitations. See Citi Connect, LLC v. Local Union No. 3, IBEW, No. 20-cv5147 (CM), 2020 WL 5940143, at \*3-\*4 (S.D.N.Y. Oct. 7, 2020). In Citi Connect, Chief Judge McMahon distinguished the only pertinent case addressing this question, Weslowski v. Zugibe, 14 F. Supp. 3d 295, 307 (S.D.N.Y. 2014) (declining to apply executive order tolling state statutes of limitation where Congress had enacted federal statute of limitations), and ultimately concluded that the executive order should toll the federal statute of limitations as well. Id. at \*4. Judge McMahon also rested

her decision on the fact that the non-moving party would not be harmed by the toll since the moving party lost on the merits. Id. The same reasoning applies here as Defendants have not established any prejudice by the granting of Plaintiff's motion.

## CONCLUSION

In granting Plaintiff's motion for leave to amend his complaint, Magistrate Judge Bloom did not clearly err or misapply the law. The Court affirms the October 3, 2020 Order.

SO ORDERED.

Dated: Brooklyn, New York  /s/ Raymond J. Dearie  
      November 10, 2020  RAYMOND J. DEARIE  
                                     United States District Judge